NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

July 17, 2007

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| Nos. 05-4278 & 05-4590 | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division |
| Alejandro Duran, Maria C. Duran, Jaquelin Duran, et al., | |
| *Plaintiffs-Appellees*, | No. 01 C 6858 |
| *v.* | **John F. Grady**, *Judge*. |
| Rudy Sirgedas, Anthony Lewandowski, Thomas Kratochvil, et al., | |
| *Defendants-Appellants*. | |

**O R D E R**

On May 15, 2007, defendant Robert DeCianni filed a petition for rehearing, contending that he had not waived his defense of qualified immunity as to plaintiff Gonzalo Duran's claim of excessive force. In our original opinion, based on the district court's opinion, we concluded that Officer DeCianni had waived any claim of qualified immunity by not presenting the argument to the district court. However, in his petition for rehearing, Officer DeCianni provided record support showing that he had in fact argued before the district court (as he did on appeal) that he was entitled to qualified immunity on Gonzalo's excessive force claim. In their answer to the petition for rehearing, the plaintiffs agree that Officer DeCianni argued his claim of qualified immunity to the district court. Therefore, even though the district court did not expressly address Officer DeCianni's claim of qualified immunity, we conclude that Officer DeCianni did not waive this issue. Accordingly, we grant the petition for rehearing and vacate that portion of our earlier order holding that Officer DeCianni had waived any claim of qualified

immunity as to Gonzalo's excessive force claim, namely part II.B.2.e and the related concluding summary in part III. We further modify the original order to substitute for the vacated portion the following analysis of Gonzalo's excessive force claim against Officer DeCianni.

### *e. Defendant Officer DeCianni*

Gonzalo also alleged an excessive force claim against Officer DeCianni. As to this claim, the district court noted that "Gonzalo alleged that DeCianni beat and choked him in the attempt to subdue and arrest him." District Court Opinion at 88. Based on these facts, the district court concluded that Gonzalo had an evidentiary basis for his excessive force claim against Officer DeCianni. District Court Opinion at 80. On appeal, Officer DeCianni claims that he was entitled to qualified immunity on Gonzalo Duran's excessive force claim.

On interlocutory appeal from the denial of qualified immunity, we must accept the district court's version of the factual record, *see Leaf*, 400 F.3d at 1077-78, but the question of the reasonableness of force is a legal question that we review *de novo*, *Bell*, 321 F.3d at 640. Our *de novo* review convinces us that, as was the case with Officers Sirgedas and Vitalo and Sergeant Krummick, under the limited circumstances of this case (i.e., the escalating situation in which party-goers outnumbered law enforcement officers, and where Gonzalo was able to resist the attempts of four officers to arrest him) the force Officer DeCianni used was reasonable in light of the *Graham* factors, or alternatively the lack of analogous case law would entitle Officer DeCianni to qualified immunity. Accordingly, we reverse the district court's denial of summary judgment to Officer DeCianni on Gonzalo's excessive force claim.[1]

---

[1] The fact that Gonzalo's false arrest claim remains against Officer DeCianni is irrelevant, as a false arrest claim is distinct from an excessive force claim. *See Cortez v. McCauley*, 478 F.3d 1108, 1127 (10th Cir. 2007) ("If the plaintiff can prove that the officers lacked probable cause, he is entitled to damages for the unlawful arrest, which includes damages resulting from any force reasonably employed in effecting the arrest. If the plaintiff can prove that the officers used greater force than would have been reasonably necessary to effect a lawful arrest, he is entitled to damages resulting from that excessive force. These two inquiries are separate and independent, though the evidence may overlap.").